UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **DEBRA J. BUS,** | ) | |
| Plaintiff, | ) | Case No. 05-CV-6023 |
| | ) | |
| v. | ) | Judge Marvin E. Aspen |
| | ) | |
| **MICHAEL J. ASTRUE,** Commissioner | ) | Magistrate Judge Geraldine Soat Brown |
| of Social Security | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Geraldine Soat Brown, United States Magistrate Judge

The District Judge has referred to this court attorney Frederick J. Daley, Jr.'s Petition for Attorney Fees Pursuant to § 206(b)(1) [Dkt27.] For the reasons set out below, the petition is granted in part and denied in part, and the court determines that the judgment in this case should award Mr. Daley the amount of $6,013.

**BACKGROUND**

Attorney Frederick J. Daley, Jr. is one of the attorneys who represented plaintiff Debra Bus in her appeal from the initial decision by the Social Security Administration ("SSA") denying her Social Security benefits. After Mr. Daley filed this lawsuit appealing the decision, the Commissioner of the SSA stipulated to remand the case for a de novo hearing before a different Administrative Law Judge. [Dkt 18.] The District Judge entered the stipulated remand order. [Dkt 21.] The parties also stipulated that Mr. Daley should be awarded $1,325 in attorney fees pursuant to the Equal Access to Justice Act. [Dkt 25, 26.] On remand, the Administrative Law Judge issued

1

a favorable opinion on June 18, 2007, awarding benefits to Ms. Bus retroactive to February 2003, in the amount of $48,101.12. (Pet. ¶ 2; Ex. A, Notice of Award.)

Mr. Daley now seeks an award of attorney's fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of $12,025.38, one-fourth of the total past-due benefits, under his contingent fee contract with Ms. Bus for his work in court. (Pet., Ex. D, Contingent Fee Contract.) That amount has been withheld by the SSA from Ms. Bus's benefit payments. (Notice of Award at 3.) Mr. Daley's contract with Ms. Bus states that his services in the successful administrative proceeding on remand are subject to another agreement between Ms. Bus and her counsel, and not covered by the 25% agreement, which covers only time at the court level. (Contingent Fee Contract at 1.) After crediting to Ms. Bus the amount of $1,325 awarded under the EAJA, the balance Mr. Daley seeks from Ms. Bus's past-due benefits is $10,700.28. (Pet. at 5.) The District Judge referred the determination of the amount of attorney's fees to this court. [Dkt 30.]

The Commissioner objects to Mr. Daley's request, arguing that it constitutes a windfall. (Def.'s Resp. at 2.) [Dkt 32.] The Commissioner observes that a total of 10.2 hours were spent by Ms. Bus's counsel (including paralegal time) in the court proceeding, and that an award of $12,025 would represent $1,200.00 per hour. (*Id.* at 2-3.) According to the Commissioner, Mr. Daley's time records indicate an attorney billing rate of $157.76 per hour. (*Id.* at 3, citing Pet., Ex. C.) Mr. Daley responds that the rate shown is the EAJA hourly rate, and that he does not have an "regular hourly rate" because his work is exclusively representing Social Security disability claimants, where his usual rate is 25% of past-due benefits, the amount sought here. (Pet. Reply at 6, n.1.) [Dkt. 34.]

# LEGAL STANDARD

Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1), provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

How the court is to determine a "reasonable fee" under § 406(b)(1) was the subject of *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002). The Supreme Court rejected the approach of relying on the "lodestar" calculation, and directed courts to respect "the primacy of lawful attorney-client fee agreements." *Id*. at 793. The court's role in determining the "reasonable" fee is to "review such arrangements as an independent check, to assure that they yield reasonable results in particular cases. . . . Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*. at 807. The court may reduce the fee "based on the character of the representation and the results the representative achieved." *Id.* at 808 (*citing McGuire v. Sullivan*, 873 F.2d 974, 983 (7th Cir. 1989)). If an attorney is responsible for delay, the fee may be reduced to avoid the attorney's profiting from the accumulation in benefits. *Id.* Fees can also be reduced if the benefits are large in comparison to the amount of time counsel spent on the case, to avoid "windfalls for lawyers." *Id.* (*citing Rodriguez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)).

In *McGuire*, the Seventh Circuit approved the parties' contingent fee agreement as the "starting place" for the court's review, but to avoid a "windfall" to the attorney, the court must consider the risk of loss and other relevant considerations, such as the "time and labor required; skill

required; contingency of fee; amount involved and result attained; experience, reputation, and ability of attorney; and awards in similar cases.'" *McGuire*, 873 F.2d at 981, 983 (citing *Blankenship v. Schweiker*, 676 F.2d 116, 118 (4th Cir. 1982)).

Mr. Daley's petition is reviewed in light of those standards.

**DISCUSSION**

There is no suggestion in the record or in the Commissioner's response that there was any unnecessary delay on the part of Ms. Bus's counsel or any overreaching conduct of the sort that the *Gisbrecht* and *McGuire* opinions suggest might justify a reduction in fees. The sole question here is whether $12,025 would be a windfall.

Mr. Daley has 35 years' experience in representing Social Security disability benefits claimants, including litigating hundreds of cases, and has spoken and written frequently on related topics. (Pet., Ex. B., Professional Qualifications of Frederick J. Daley, Jr.)

The parties do not discuss the issues involved in the case and because of the prompt remand, it never went to a judicial decision or even briefing in court. That makes it difficult to evaluate the complexity of the litigation, the risk of loss, and the skill involved in the court proceeding. The SSA stipulated to a remand a month after filing the answer, and also stipulated to an award of attorney's fees under the EAJA. [Dkt 18, 23.] That suggests an easy case, but such a conclusion might be too hasty. Mr. Daley took this case as a appeal from an adverse decision that had been affirmed by the SSA Appeals Council. It is possible that the problems with the initial decision denying benefits became apparent only when the record was reviewed, analyzed and described in a formal complaint by an experienced specialist like Mr. Daley.

4

Mr. Daley observes that he achieved an excellent result for Ms. Bus because ultimately she was awarded not only past-due benefits but also a future entitlement that can be projected to amount to more than $200,000 over Ms. Bus's lifetime. (Pet. at 4.) However, an attorney cannot get additional fees under § 406(b)(1) based on the claimant's continuing entitlement to benefits. *Gisbrecht*, 535 U.S. at 795. Mr. Daley's work on the subsequent successful administrative proceeding after remand is covered by a separate arrangement.

Mr. Daley points to other cases where he has been awarded "large fee awards or the full 25%." (Pet. Reply at 6 n.2.) That information has some, but limited, value here because each fee must be evaluated in light of the particular facts of the case.

After surveying 43 reported "post-*Gisbrecht*" decisions on the reasonableness of contingent fees under § 406(b), one court concluded that they reveal "considerable divergence," but that most draw on the traditional lodestar analysis in evaluating whether a full contingent percentage recovery would amount to a "windfall." *Ellick v. Barnhart*, 445 F. Supp. 2d 1166, 1168, 1172 (C.D. Cal. 2006).

The lodestar analysis has limitations in this context. Because contingent fee arrangements are customary for claimants' attorneys in Social Security cases (*see Gisbrecht,* 535 U.S. at 804), there is no precisely equivalent "market rate" for comparison. The EAJA rate, which is used for shifting fees to the government, is well below the usual rate in Chicago for an attorney with 35 years of specialized experience and extensive court practice. A contingent fee award also compensates the attorney for taking the risk that he will not be paid. *McGuire*, 873 F.2d at 981.

But determining a "reasonable" fee necessarily requires a calculation of what an award of 25% of past-due benefits represents for each hour worked, as part of the consideration whether "the

5

[past-due] benefits are large in comparison to the amount of time counsel spent on the case." *Gisbrecht,* 535 U.S. at 808. In this case, an award of $12,025 would be the equivalent of $1,178 per hour for both lawyer and paralegal time.

Mr. Daley submits a *National Law Journal* sampling of billing rates nationwide as reported by some of the 250 largest law firms as of December 2005. (Pl. Reply, Ex. B.) Law firms claiming Chicago as their principal or largest office stated rates for partners ranging from $285 to $800 per hour, with most firms reporting the highest rates between $600 and $750, and "averages" and "medians" generally just below $500. (*Id*.)

Here, considering all of the factors discussed above, including but not limited to, the amount of time spent, the government's prompt stipulation to remand, and the respect due the contingent fee contract, the court concludes that $12,025 is not reasonable. A reasonable fee in this case for the work in court is $6,013, half of the amount requested. That is the equivalent of approximately $600 for each hour of time spent, without breaking out separately the couple of hours of paralegal's time.[1] This award is reasonable compensation for the effort expended, the good results achieved for plaintiff, and especially the risk undertaken by Mr. Daley, who assumed the risk of receiving nothing.

---

[1] Only a few of the cases surveyed in *Ellick* awarded an amount that works out to more than $650 per hour, and those were generally in connection with difficult or protracted litigation. 445 F. Supp. 2d at 1169 n. 7.

6

## CONCLUSION

For the foregoing reasons, the court determines that a reasonable fee in this case pursuant to 42 U.S.C. § 406(b)(1) is $6,013.

**IT IS SO ORDERED**.

_____
Geraldine Soat Brown
United States Magistrate Judge

August 8, 2008